PEOPLE v WATKINS

PEOPLE v HUNTER

PEOPLE v JORDAN

PEOPLE v PHILLIPS

PEOPLE v MILLER

Docket Nos. 103572, 104523, 104636, 104682, 104685. Submitted April 4, 1989, at Detroit. Decided July 17, 1989.

Following a joint trial in Detroit Recorder's Court, Michael J. Talbot, J., Donald Watkins, Kerry Jordan, Christian Phillips, and Walter Miller were convicted of first-degree murder, assault with intent to commit murder, kidnapping, and possession of a firearm during the commission of a felony and were sentenced. Michael Hunter was convicted of first-degree murder and assault with intent to commit murder and was sentenced. Defendants appealed. The appeals have been consolidated.

The Court of Appeals *held:*

1. The trial court did not err in admitting unredacted confessions of Jordan and Miller, who did not testify, as substantive evidence against all the defendants. The exception to the hearsay rule for statements against penal interest is applicable under the facts of this case, and the confessions bore sufficient indicia of reliability to overcome the presumption against their admission into evidence. Any violation of the Sixth Amendment's Confrontation Clause which might have occurred by the introduction of the confessions was harmless.

2. The trial court did not err in ruling that Jordan's and Miller's confessions were voluntary and admissible.

3. The trial court did not err in overruling the predecessor

REFERENCES

Am Jur 2d, Appeal and Error §§ 623, 891; Criminal Law §§ 720 *et seq.*, 859-864; Evidence §§ 543 *et seq.*

Supreme Court's application of rule of Bruton v United States (1968) 391 US 123, 20 L Ed 2d 476, 88 S Ct 1620, holding that accused's rights under Confrontation Clause of Federal Constitution's Sixth Amendment are violated where codefendant's statement inculpating accused is admitted at joint trial. 29 L Ed 2d 931.

judge's order severing the trial of Hunter and Phillips from that of Watkins, Jordan, and Miller. The court rules were not violated by Judge Talbot's overruling of the earlier order.

4. There is no merit in defendant Miller's claim that he was deprived of a speedy trial. The 180-day rule was not violated.

5. The prosecutor's statement in his rebuttal argument that defendant Miller's attorney's argument was nonsense and garbage and character assassination which was unsupported by any testimony was not improper. The prosecutor responded to an issue which was previously raised by a defense counsel.

6. The jury instructions given fairly presented to the jury the issues to be tried and sufficiently protected the defendants' rights.

Affirmed.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — CONFRONTATION CLAUSE — CONFESSIONS OF CODEFENDANTS — ADMISSIBILITY.

The admission into evidence of confessions by two of five codefendants in a joint trial did not violate the rights of the other defendants under the Sixth Amendment's Confrontation Clause where the confessions were identical in all material respects, the confessors did not distort the facts for their own benefit or to the detriment of their codefendants, the confessors did not try to exonerate themselves, the confessions accurately described the crimes for which the defendants were being tried, and the confessions were corroborated by evidence which was properly admitted against the defendants at the trial; the confessions bore sufficient indicia of reliability to overcome the presumption against their admission into evidence on the basis of unreliability (US Const, Am VI).

2. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS.

The voluntariness of a confession must be determined from all the facts and circumstances, including the duration of detention, the manifest attitude of the police toward their prisoner, the physical and mental state of the prisoner, and the diverse pressures which sap or sustain the prisoner's powers of resistance and self-control.

3. CRIMINAL LAW — SPEEDY TRIAL — 180-DAY RULE.

The 180-day rule does not require that a defendant's trial be concluded in 180 days, but that the prosecution must take good-faith action within that time to ready the case for trial (MCL 780.131; MSA 28.969[1]).

4. PROSECUTING ATTORNEYS — REBUTTAL.

A prosecuting attorney may properly respond to an issue which was previously raised by defense counsel.

5. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL — PRESERVING QUESTION.

   A verdict will not be set aside on the basis of an alleged error in the jury instructions where no objection to the instructions was made at trial unless the error resulted in a miscarriage of justice.

6. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL.

   Jury instructions are reviewed in their entirety in order to determine if error requiring reversal occurred; instructions are not extracted piecemeal in an effort to establish error requiring reversal, and even though the instructions may be somewhat imperfect, there is no error if they fairly presented to the jury the issues to be tried and sufficiently protected the rights of the defendant; no error results from the omission of an instruction if the charge as a whole covers the substance of the omitted instruction.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, for the people.

*Norman R. Robiner,* for Donald Watkins.

*Gerald M. Lorence,* for Michael Hunter.

*Ada Snyder Kerwin,* for Kerry Jordan.

*Daniel J. Rust,* for Christian Phillips.

*John L. Belanger,* for Walter Miller.

Before: DANHOF, C.J., and WAHLS and GRIFFIN, JJ.

DANHOF, C.J. After a joint trial, a Detroit Recorder's Court jury convicted defendants Watkins, Phillips, Jordan, and Miller of first-degree murder, MCL 750.316; MSA 28.548, assault with intent to commit murder, MCL 750.83; MSA 28.278, kidnap-

ping, MCL 750.349; MSA 28.581, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). The jury also convicted defendant Hunter of first-degree murder and assault with intent to commit murder. The lower court sentenced Watkins, Phillips, and Miller to natural life in prison on their murder convictions, life in prison on their assault convictions, thirty to sixty years on their kidnapping convictions, plus the mandatory two-year felony-firearm sentences. The court sentenced Jordan to natural life in prison on the murder conviction, life in prison on the assault conviction, twenty-five to fifty years on the kidnapping conviction, plus the mandatory two-year felony-firearm sentence. The court sentenced Hunter to natural life in prison on the murder conviction and fifty to one hundred years on the assault conviction. Defendants appeal. We affirm.

All of the defendants claim that the lower court erred in admitting the unredacted confessions of Jordan and Miller as substantive evidence against all defendants.

In *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968), the United States Supreme Court held that a defendant is deprived of his rights under the Sixth Amendment's Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant.

The *Bruton* Court noted that the codefendant's hearsay statement inculpating the petitioner was not admissible against him under traditional rules of evidence or any recognized exception to the hearsay rule. 391 US 128 n 3. Now, there is a statement against penal interest exception to the

hearsay rule. MRE 804(b)(3). That exception applies in this case. However, our analysis does not end here. The United States Supreme Court stated that the declaration against penal interest concept defines too large a class for meaningful Confrontation Clause analysis. *Lee v Illinois,* 476 US 530, 544 n 5; 106 S Ct 2056; 90 L Ed 2d 514 (1986). Therefore, we must proceed with our analysis and determine whether defendants were deprived of their Confrontation Clause rights in the context of this case which involves confessions by accomplices that incriminate criminal defendants.

We note that the United States Supreme Court has declined to extend *Bruton* in cases such as *Richardson v Marsh,* 481 US 200; 107 S Ct 1702; 95 L Ed 2d 176 (1987), where the Court held that the defendant's Sixth Amendment confrontation rights were not violated by the admission of a nontestifying codefendant's confession at a joint criminal trial, where the confession was redacted to eliminate any reference to the defendant, but the defendant was linked to the confession by evidence properly admitted against him at trial.

In *Ohio v Roberts,* 448 US 56; 100 S Ct 2531; 65 L Ed 2d 597 (1980), the United States Supreme Court discussed the relationship between the Confrontation Clause and the hearsay rule with its many exceptions. The Court held that the defendant's Confrontation Clause rights were not violated by the introduction into evidence of the preliminary hearing testimony of a witness not produced at the defendant's subsequent criminal trial. The Court stated:

> In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissi-

ble only if it bears adequate "indicia of reliability." Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness. [*Roberts*, 448 US 66.]

*Lee, supra,* is the most significant case for purposes of this analysis. There, Lee and a codefendant were charged with committing a double murder and tried jointly in a bench trial at which neither Lee nor the codefendant testified. Both Lee and the codefendant previously confessed. In finding Lee guilty as charged, the trial judge expressly relied on portions of the codefendant's confession, obtained by police at the time of arrest, as substantive evidence against Lee. The *Lee* Court held that the codefendant's statement, as the confession of an accomplice, was presumptively unreliable and that it did not bear sufficient independent "indicia of reliability" to overcome that presumption. 476 US 539.

The *Lee* Court explained that an accomplice's confession is presumptively unreliable because of the accomplice's strong motivation to implicate the defendant and exonerate himself. 476 US 541. The five-justice majority stated:

Illinois contends that [the accomplice's] statement bears sufficient "indicia of reliability" to rebut the presumption of unreliability that attaches to codefendants' confessions, citing as support our decision in *Ohio v Roberts,* 448 US [56; 66; 100 S Ct 2531; 65 L Ed 2d 597; 17 Ohio Ops 3d 240 (1980)] (citations omitted). While we agree that the presumption may be rebutted, we are not persuaded that it has been in this case.

In *Roberts,* we recognized that even if certain hearsay evidence does not fall within "a firmly

rooted hearsay exception" and is thus presumptively unreliable and inadmissible for Confrontation Clause purposes, it may nonetheless meet Confrontation Clause reliability standards if it is supported by a "showing of particularized guarantees of trustworthiness." *Ibid.* However, we also emphasized that "[r]eflecting its underlying purpose to augment accuracy in the fact-finding process by ensuring the defendant an effective means to test adverse evidence, the Clause countenances only hearsay marked with such trustworthiness that 'there is no material departure from the reason of the general rule.'" *Id.* at 65, quoting *Synder v Massachusetts,* 291 US 97, 107, [78 L Ed 674; 54 S Ct 330, 90 ALR 575 (1934)]. Illinois' asserted grounds for holding [the accomplice's] statement to be reliable with respect to Lee's culpability simply do not meet this standard. [476 US 543-544.]

The majority explained that the accomplice's confession was elicited only after he was told that Lee had already implicated him and Lee had implored him to share "the rap" with her. The accomplice may have had a desire, motive, or impulse either to mitigate the appearance of his own culpability by spreading the blame or to overstate Lee's involvement in retaliation for her having implicated him in the murders. The majority further noted that the accomplice not only had a theoretical motive to distort the facts to Lee's detriment, but also was considering becoming her adversary by being a witness for the state against her. 476 US 544.

The majority rejected Illinois' contention that, because the confessions interlocked at some points, the accomplice's testimony should be deemed trustworthy in its entirety. The majority explained that, although the confessions overlapped in their factual recitations to a great extent, they clearly

diverged with respect to the very issues in dispute at trial: the roles which the two defendants played in the killings and the question of premeditation. 476 US 545. The majority was not convinced that there were sufficient "indicia of reliability" to overcome the presumption against the admission of the accomplice's confession. Therefore, the majority held that Lee's right of confrontation was violated. However, the majority did not foreclose the possibility that the error was harmless when assessed in the context of the entire case against Lee and remanded the case for further proceedings on this matter.

Four justices, dissenting, believed that the *Roberts* requirements were satisfied and concluded that the trial court's use of the accomplice's confession as evidence against the defendant was constitutionally permissible. 476 US 548.

In their confessions, Jordan and Miller described a fairly detailed series of events. Essentially, Jordan and Miller stated that defendants kidnapped Bernard Payne and questioned him about Desmond Wilbert. Defendants contacted Wilbert through Payne and told him to go to an address. Defendants drove there. Miller was the driver of the car which contained the other defendants and Payne. After some delays, they spotted Wilbert. Jordan, Phillips, and Watkins got out of the car. They shot at the car that Wilbert was driving, wounding him and killing his passenger, Voncie Johnson. Wilbert managed to drive away.

Jordan's and Miller's confessions were corroborated by the testimony of Payne and Wilbert. Police officers testified that they counted nineteen bullet holes in Wilbert's car and recovered twenty-three fired cartridge cases from the scene of the shooting. An expert in firearms and firearms identification testified that, based on his analysis of the

cases and the bullets that were recovered from Johnson's body, at least three guns were used in the shooting.

Jordan's and Miller's confessions were identical in all material respects. The record does not indicate that they distorted the facts for their own benefit or to the detriment of their codefendants. They did not attempt to exonerate themselves. The record indicates that they accurately described the kidnapping and shooting. Their confessions were corroborated by evidence which was properly admitted against defendants at their trial. Therefore, we conclude that Jordan's and Miller's confessions bore sufficient indicia of reliability to overcome the presumption against their admission into evidence. The lower court properly admitted the confessions as substantive evidence against defendants. We recognize that this issue presents a close question. Therefore, we further conclude that in the context of this case, any Confrontation Clause violation which occurred was harmless.

We turn to Jordan's and Miller's claims that the lower court erred in concluding that their confessions were voluntary. The court reached this conclusion after conducting *Walker* [*People v Walker (On Reh)*, 374 Mich 331; 132 NW2d 87 (1965)] hearings. When reviewing a trial court's findings in a *Walker* hearing, this Court must examine the entire record and make an independent determination on the issue of voluntariness. *People v Robinson*, 386 Mich 551, 557; 194 NW2d 709 (1972). However, if after such a review we do not possess a definite and firm conviction that the trial court made a mistake, we will affirm the court's ruling. *People v McGillen No 1*, 392 Mich 251, 257; 220 NW2d 677 (1974).

The voluntariness of a confession must be determined from all the facts and circumstances, in-

cluding the duration of detention, the manifest attitude of the police toward their prisoner, the physical and mental state of the prisoner, and the diverse pressures which sap or sustain the prisoner's powers of resistance and self-control. *People v Kvam,* 160 Mich App 189, 196; 408 NW2d 71 (1987); *People v Belknap,* 146 Mich App 239, 241; 379 NW2d 437 (1985), lv den 425 Mich 854 (1986). After reviewing the facts and circumstances surrounding Jordan's and Miller's confessions, we do not possess a definite and firm conviction that the trial court made a mistake in finding that the confessions were voluntary. The trial court did not err in ruling that the confessions were admissible.

Watkins claims that Judge Talbot violated MCR 2.613(B) by overruling Judge Heading's order severing the trial of Hunter and Phillips from the trial of Watkins, Jordan, and Miller. MCR 2.613(B) provides:

> Correction of Error by Other Judges. A judgment or order may be set aside or vacated, and a proceeding under a judgment or order may be stayed, only by the judge who entered the judgment or order, unless that judge is absent or unable to act. If the judge who entered the judgment or order is absent or unable to act, an order vacating or setting aside the judgment or order or staying proceedings under the judgment or order may be entered by a judge otherwise empowered to rule in the matter.

Watkins argues that only Judge Heading could have properly overruled his order and that this case demonstrates an example of "judge shopping." We disagree. The Chief Judge of the Detroit Recorder's Court transferred defendants' cases from Judge Heading to Judge Talbot. The chief judge had the authority to reassign defendants'

cases. MCR 8.110; MCR 8.111. There is no indication of "judge shopping" in the record. Judge Talbot did not violate MCR 2.613(B) by overruling Judge Heading's order.

Miller claims that he was deprived of a speedy trial because he was not tried within the 180-day period provided in MCL 780.131; MSA 28.969(1). We find no merit in this claim. The statute does not require that a defendant's trial be concluded within 180 days, but that the prosecution must take good-faith action within that time to ready the case for trial. *People v Hill,* 402 Mich 272, 281; 262 NW2d 641 (1978). The record indicates that the prosecution took good-faith action to ready the case for trial. We find no indication of an inexcusable delay which evidences an intent not to bring the case promptly to trial. See *People v Hendershot,* 357 Mich 300, 303-304; 98 NW2d 568 (1959). The short delay in this case can be attributed to defendants' numerous pretrial motions, the complex nature of the issues which had to be resolved before trial, and the hearings which were required.

Phillips claims that the prosecutor's rebuttal argument was improper because it injected his personal bias into the jurors' deliberations and improperly shifted the burden of proof to the defense by creating the impression that the defense must go forward with some sort of questioning of a witness. We reject this claim.

In his closing argument, Miller's attorney argued that the police officer who took Miller's confession knew what he was looking for and prepared Miller's statement before he talked to Miller. In his rebuttal argument, the prosecutor referred to Miller's attorney's argument as "nonsense and garbage and character assassination" which was unsupported by any testimony. The prosecutor properly responded to an issue which

was previously raised by a defense counsel. *People v Modelski,* 164 Mich App 337, 348; 416 NW2d 708 (1987).

Jordan and Miller claim that the lower court did not properly instruct the jury on the standard of proof beyond a reasonable doubt because the court did not repeat the standard when instructing the jury on each of the charged offenses. Defendants did not object to the instructions. When no objection is made to an alleged error in the instructions, a verdict will not be set aside on the basis of such error unless it has resulted in a miscarriage of justice. *People v Federico,* 146 Mich App 776, 784-785; 381 NW2d 819 (1985), lv den 425 Mich 867 (1986).

Jury instructions are reviewed in their entirety in order to determine if error requiring reversal occurred. Instructions are not extracted piecemeal in an effort to establish error requiring reversal. *People v Burgess,* 153 Mich App 715, 726; 396 NW2d 814 (1986), lv den 428 Mich 868 (1987). Even though the instructions may be somewhat imperfect, there is no error if they fairly presented to the jury the issues to be tried and sufficiently protected the rights of the defendant. *People v Kalder,* 284 Mich 235, 241-242; 279 NW 493 (1938). No error results from the omission of an instruction if the charge as a whole covers the substance of the omitted instruction. *People v Bender,* 124 Mich App 571, 575; 335 NW2d 85 (1983). The lower court instructed the jury on the presumption of innocence and burden of proof in accordance with CJI 3:1:02 and 3:1:03. We conclude that the instructions fairly presented to the jury the issues to be tried and sufficiently protected the defendants' rights.

Affirmed.