PEOPLE v SPINKS

Docket No. 113892. Submitted February 5, 1990, at Detroit. Decided
March 28, 1990. Leave to appeal applied for.

Charles Spinks was bound over for trial in Detroit Recorder's
Court on charges of first-degree murder, conspiracy to commit
murder, and possession of a firearm during the commission of a
felony following a preliminary examination at which the con-
fessions of Spinks and Darrell Hicks, a codefendant, were
admitted into evidence. The trial court, George W. Crockett, III,
J., on motion by Spinks, suppressed evidence of Spinks' confes-
sion on the ground of unnecessary delay prior to his arraign-
ment, and quashed the information after ruling that Hicks'
confession was inadmissible as evidence against Spinks. The
people appealed by leave granted.

The Court of Appeals *held:*

1. Unnecessary delay prior to arraignment is only one factor
to be taken into account in evaluating the voluntariness of a
confession. If, as here, the totality of the surrounding circum-
stances indicates that a confession was voluntarily given, it
should not be excluded from evidence solely because of prear-
raignment delay.

2. The admission of evidence of confessions by two codefen-
dants does not violate the rights of either defendant under the
confrontation clause of the Sixth Amendment where, as here,
the confessions are identical in all material respects, each
confessor does not distort the facts for his own benefit or to the
detriment of the other, each confessor does not try to exonerate
himself, the confessions accurately describe the crimes for
which the defendants are being tried, and the confessions are
corroborated by other properly admissible evidence. An addi-
tional requirement, which is also met in this case, is that the
confessions must bear sufficient indicia of reliability to over-
come the presumption against admissibility. Evidence of the

REFERENCES

Am Jur 2d, Evidence §§ 529, 547, 539.
See the Index to Annotations under Confessions and Admissions;
Joint and Several Parties.

confessions of Spinks and Hicks are also admissible under the hearsay exception for statements against penal interest.

Reversed and remanded for trial.

1. CRIMINAL LAW — EVIDENCE — CONFESSIONS — VOLUNTARINESS — PREARRAIGNMENT DELAY.

Unnecessary delay prior to arraignment is only one factor to be taken into account in evaluating the voluntariness of a confession; if the totality of the surrounding circumstances indicates that a confession was voluntarily given, it should not be excluded from evidence solely because of prearraignment delay.

2. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS.

The voluntariness of a confession must be determined from all the facts and circumstances, including the duration of detention, the manifest attitude of the police toward their prisoner, the physical and mental state of the prisoner, and the diverse pressures which sap or sustain the prisoner's powers of resistance and self-control.

3. CRIMINAL LAW — CONFESSIONS OF CODEFENDANTS — CONSTITUTIONAL LAW — RIGHT OF CONFRONTATION.

The admission of evidence of confessions by two codefendants does not violate the rights of either defendant under the confrontation clause of the Sixth Amendment where the confessions are identical in all material respects, each confessor does not distort the facts for his own benefit or to the detriment of the other, each confessor does not try to exonerate himself, the confessions accurately describe the crimes for which the defendants are being tried, and the confessions are corroborated by other properly admissible evidence; additionally, the confessions must bear sufficient indicia of reliability to overcome the presumption against admissibility (US Const, Am VI; MRE 804[b][3]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Robert W. Plumpe,* for defendant.

Before: SULLIVAN, P.J., and DOCTOROFF and J. W. FITZGERALD,* JJ.

PER CURIAM. The people appeal by leave granted the suppression of defendant's confession on the ground of prearraignment delay and the quashing of an information charging, inter alia, a first-degree murder, MCL 750.316; MSA 28.548, after a ruling that a codefendant's statement was inadmissible against defendant. We reverse and remand for trial.

On May 5, 1988, defendant purchased a shotgun bearing the serial number KOO5631 from Chet's Gun Shop in Highland Park. Approximately one-half hour later, Samuel Hicks, the brother of codefendant Darrell Hicks, was killed by a shotgun blast to the chest fired by a lone gunman. At the time of the killing, decedent was sitting in front of a house on Buffalo Street in Detroit. The shooting was witnessed by Harold Cole, who identified the shooter as Michael Butler. Another witness saw a man with a shotgun walk through a nearby field to a white van shortly after the shooting. The van was occupied by a second person who was sitting on the passenger seat. Two lead slugs and two empty shotgun shells were found in the area of the shooting. A search of the home of Pamela Robinson produced a shotgun bearing serial number KOO5631, some scales and the identification of a Michael Butler in a safe. The empty shotgun shells found at the scene of the shooting were determined to have come from a shotgun bearing serial number KOO5631.

Defendant was arrested at 11:30 P.M. on May 11, 1988, following a statement made by codefendant Darrell Hicks which detailed defendant's involve-

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

ment in the murder of Samuel Hicks. Defendant was placed on the "ninth floor" for the night and the police then went back out to arrest the shooter, Michael Butler. Following the arrest of Michael Butler at approximately 5:00 A.M. on the morning of May 12, 1988, the officer in charge, Ronald Sanders, went off duty. Sanders came back on duty at approximately 8:30 or 9:00 A.M. on May 12. Counsel for the parties stipulated on the record that Officer Sanders was busy in the morning hours of May 12 processing and interrogating witnesses and other persons who had been arrested with defendant and that he, thereafter, moved on to defendant. Defendant was interviewed at approximately 11:55 A.M. on May 12. Defendant signed a constitutional rights certificate of notification and, at approximately 2:00 P.M. on May 12, gave a statement to the police indicating his involvement in the crime. Defendant was arraigned on May 16, 1988, on charges of first-degree murder, conspiracy to commit murder and possession of a firearm during the commission of a felony. A preliminary examination was held on May 26, 1988, at which the statements of defendant and codefendant Darrell Hicks were admitted. Following the preliminary examination, defendant and codefendant Darrell Hicks were bound over to Recorder's Court for trial. The Recorder's Court dismissed the conspiracy charge against defendant on the basis of insufficient evidence. Defendant's motion to suppress his statement was granted on August 4, 1988. This was followed on August 11, 1988, with the grant of defendant's motion to quash.

The people first claim that the trial court erred in suppressing defendant's statement solely on the ground of prearraignment delay. We agree.

In *People v Cipriano*, 431 Mich 315, 319; 429

NW2d 781 (1988), reh den 431 Mich 1206 (1988), the Court held that unnecessary delay prior to arraignment is only one factor to be taken into account in evaluating the voluntariness of a confession. The Court added that "if the totality of the surrounding circumstances indicates that a confession was voluntarily given, it shall not be excluded from evidence solely because of prearraignment delay." *Id.* As a general rule, decisions of Michigan appellate courts are to be given full retroactivity unless limited retroactivity is justified. *People v Tanis,* 153 Mich App 806, 810; 396 NW2d 544 (1986), lv den 426 Mich 877 (1986).

*Cipriano* was decided shortly after the trial court's suppression of defendant's confession. After the decision in *Cipriano,* the trial court denied plaintiff's motion for reconsideration. The trial court found that, because the police stated that they held defendant without arraignment in order to extract a statement from him, the statute was violated and the confession must be suppressed. We conclude that the trial court erred in suppressing defendant's statement solely on the basis of the prearraignment delay and in failing to view the totality of the circumstances as required by *Cipriano* before making that determination.

When reviewing a trial court's findings in a *Walker* [*People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965)] hearing, this Court must examine the entire record and make an independent determination on the issue of voluntariness. *People v Watkins,* 178 Mich App 439, 447; 444 NW2d 201 (1989). We will affirm the trial court's ruling if, after such a review, we do not possess a definite and firm conviction that a mistake has been made. *Id.* The voluntariness of a confession must be determined from all the facts and circumstances, including the duration of de-

tention, the manifest attitude of the police toward their prisoner, the physical and mental state of the prisoner, and the diverse pressures which sap or sustain the prisoner's powers of resistance and self-control. *Id.,* pp 447-448; *Cipriano,* p 334.

At the preliminary examination, Officer Sanders testified that defendant was not arraigned the day following his arrest because the officer did not have a warrant and because the police were still investigating the case. The officer interrogated defendant in order to get a statement, but that was not the sole purpose of the delay in arraignment. Counsel for both parties stipulated on the record that Officer Sanders was busy in the morning hours of May 12, 1988, processing and interrogating witnesses and other persons who had been arrested with defendant. The record reveals that defendant is twenty-five years old, attended high school until the tenth grade and can read and write the English language, signed a constitutional rights certificate of notification, understood the rights which were read to him, was not under the influence of narcotics or alcohol and was not high when his rights were read to him, was not threatened or abused nor was force used upon him, never requested an attorney, was not talked to or approached by the police until he was approached by Officer Sanders at approximately noon on May 12, the day following his arrest, never said he did not want to give a statement to the police and told the things which he told the police because he thought he was helping himself. On the basis of the entire record and our independent determination on the issue of voluntariness, we conclude that defendant's statement was voluntary. Since the trial court did not specifically make a finding as to voluntariness, we would be inclined to remand for that finding. However, the record before

us enables us to make a determination as to voluntariness and we are left with the definite and firm conviction that the trial court made a mistake in granting defendant's motion to suppress his statement.

The people next claim that the trial court incorrectly held codefendant Hicks' statement inadmissible against defendant. We again agree.

In *Watkins, supra,* this Court addressed the identical issue on appeal. Five defendants were jointly tried and all claimed that the lower court erred in admitting the unredacted confessions of two as substantive evidence against all five. This Court reiterated the rule of *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968), that a defendant is deprived of his rights under the Sixth Amendment's confrontation clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant. *Watkins,* p 442. This Court stated that there is now a statement against penal interest exception to the hearsay rule, MRE 804(b)(3), which would make such a statement admissible in a *Bruton* context. This Court noted, however, that subsequent United States Supreme Court cases placed the added requirement that a codefendant's statement must bear adequate indicia of reliability. The Court in *Watkins* found that the confessions of the two codefendants were identical in all material respects. The codefendants did not, in their confessions, distort the facts for their own benefit, or to the detriment of their codefendants. They did not try to exonerate themselves and they accurately described the events in question. The confessions were corroborated by evidence which was properly admitted and, therefore, the Court

concluded that the two confessions bore sufficient indicia of reliability to overcome the presumption against their admission into evidence. *Watkins,* pp 446-447.

In this case, as in *Watkins,* the declaration against penal interest exception to the hearsay rule, MRE 804(b)(3), applies with full force. The confession of codefendant Hicks and that of defendant are essentially identical in all material respects. Both statements indicate that defendant and the shooter went into the gun shop to buy the shotgun, that defendant's identification was used for the purchase, that the same parties were present and had knowledge of the impending murder, and the statements similarly outlined the involvement of all of the parties. There is no attempt to exonerate one at the expense or to the detriment of the other. There was testimony corroborating the statements, such as defendant's testimony that codefendant Hicks was the one who wanted Butler to "hit" decedent, that codefendant Hicks was in the van with Butler at the time of the murder, and that defendant's involvement was basically limited to purchasing the murder weapon. At the time of making his statement, codefendant Hicks admitted his responsibility for his brother's murder and did not try to exonerate himself or to inculpate defendant. We conclude that, as in *Watkins,* the declaration against penal interest exception applies and that the confession of codefendant Hicks bears sufficient indicia of reliability to overcome the presumption against its admission into evidence.

Reversed and remanded for trial. We do not retain jurisdiction.