983 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter MILLER, Petitioner-Appellant,
v.
Tekla MILLER, Respondent-Appellee.
 No. 92-1235.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1992.
 
 Before BOYCE F. MARTIN, JR. and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner, Walter Miller, a Michigan state prisoner who is represented by counsel, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner Miller, Kerry Jordan, Michael Hunter, Christian Phillips and Donald Watkins were all convicted of first degree murder, assault with intent to murder, kidnapping and felony firearm. Petitioner was sentenced to life in prison on the murder count and on the assault count, 30-60 years on the kidnapping count and two years on the felony firearm count. His conviction and that of the four co-defendants were affirmed by the Michigan Court of Appeals. People v. Miller, 444 N.W.2d 201 (Mich.App.1989). The Michigan Supreme Court denied leave to appeal as to petitioner and Jordan, but granted leave to appeal as to Watkins, Hunter and Phillips. The appeal was granted upon the sole issue of determining whether the trial court erred in admitting as substantive evidence the incriminating statements of non-testifying defendants Jordan and petitioner, and, if that was error, whether the error was harmless.
 
 
 3
 On September 19, 1991, the Michigan Supreme Court held that it was error to introduce as substantive evidence against Watkins, Hunter and Phillips, the confessions of Jordan and petitioner. People v. Watkins, 475 N.W.2d 727 (Mich.1991), cert. denied, 112 S.Ct. 933 (1992). The court held that the confessions represented unreliable accusatory statements properly excluded as hearsay, and stated that admission of the confessions violated the appellants' rights under the U.S. Constitution. The court reversed the convictions and remanded the case for retrial without the inadmissible hearsay.
 
 
 4
 On September 28, 1990, petitioner filed his petition for habeas corpus relief, based upon arguments that his right to confrontation and cross-examination of co-defendant Jordan was violated, that his confession was not voluntary, that the Michigan speedy trial rule was violated, that the jury instructions improperly favored the prosecution, and that the prosecutor misstated the evidence in closing argument. The matter was referred to a magistrate judge who submitted a report and recommendation that the petition for habeas corpus be denied. Upon de novo review of the magistrate judge's report and recommendation and the parties' objections, the district court held that it was error to admit Jordan's unredacted confession against petitioner but that the error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 24 (1967). The court also found no merit to any of the remaining arguments and adopted the analysis of the magistrate judge's report and recommendation denying these as grounds for a grant of habeas corpus relief.
 
 
 5
 Upon review, we agree with the conclusion that the admission of Jordan's confession constituted error because Jordan's statements inculpating petitioner do not fall within any firmly rooted hearsay exception and do not have particularized guarantees of trustworthiness so as to be admissible for confrontation clause purposes. See Lee v. Illinois, 476 U.S. 530, 543-44 (1986).
 
 
 6
 Upon further review, we affirm the district court's ruling that the admission of Jordan's confession was harmless beyond a reasonable doubt. Chapman, 386 U.S. at 24. When placed in the context of the unequivocal evidence implicating petitioner in the crimes, particularly petitioner's own confession, there was no possibility that the admission of Jordan's confession had any material impact on the jury verdict. Petitioner's own confession provided sufficient evidence to support convictions on the kidnapping, first degree murder, assault with intent to murder and felony firearm. The remaining claims asserted in the habeas corpus petition are considered abandoned on appeal and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.