Kelly, J.

(dissenting).

I disagree that the indicia of reliability surrounding codefendant’s statement were sufficient to support admission of the statement into evidence in defiance of the confrontation clauses of the state and federal constitutions. Rather, I agree with the Court of Appeals majority that the circuit court should not have admitted the statement. The majority, Judge Kirsten Frank Kelly and Judge Harold Hood, aptly stated:
*676 A review of the record reveals an assertion by defense counsel that codefendant Mathis suffered from mental illness and that he had a history of psychiatric and psychological treatment. Certainly, an inculpatory statement made by a mentally ill codefendant that tacitly inculpates defendant as his accomplice is not a statement that contains “particularized guarantees of trustworthiness” sufficient to introduce the statement as substantive evidence against defendant without the opportunity for cross-examination. Permitting codefendant’s statement to come in as substantive evidence against defendant, while depriving defendant the opportunity to challenge that statement through the adversarial process, violates the bedrock principles underlying the Confrontation Clause itself. Indeed, “ ‘the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose . . . infirmities through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness’ testimony.’ ” [People v Gearns, 457 Mich 170, 186; 577 NW2d 422 (1998)] quoting Delaware v Fensterer, 474 US 15, 22; 106 S Ct 292; 88 L Ed 2d 15 (1985) (emphasis omitted).
The trial court’s admission of codefendant’s inculpatory statement as substantive evidence against defendant without providing defendant any opportunity to challenge the statement through cross-examination is not harmless error. Based on the evidence presented at trial, it is more probable than not that a different outcome would have resulted without the admission of codefendant’s statement.
On appeal, the prosecution asserts that defendant ran from the police officers, but neither the testimony of defendant nor the officers supports this assertion. Also, the prosecution contends that defendant tried to drive away. However, the testimony of the officers actually indicates that the car was never started and that they were not even sure if defendant attempted to insert the keys into the ignition. Furthermore, defendant was alleged to have stolen $71, but, when apprehended, he had over $500 on his person. Neither he nor codefendant had a gun, the stolen pager, the stolen watch, and these items were not found in the car in which *677 they were traveling. The fact that defendant was found within minutes of the robbery within one mile of the crime scene does not tend to establish his guilt any more than any other person who lives in the area and was also at the gas station at the same time. Finally, the description the victim gave to the police was “quite vague” and did not match either the defendant or codefendant.
Although we acknowledge the victim identified defendant in a lineup, we do not believe this, standing alone, clothes the codefendant’s statement with “adequate indicia of reliability.” The lineup was conducted ten days after the robbery and after the victim had been sedated and medicated in the hospital for five days. The victim identified the defendant as the man who shot him, but defendant was tried as the accomplice of the shooter. In addition, the victim did not identify the codefendant.
As we noted People v Spinks, 206 Mich App 488, 493; 522 NW2d 875 (1994), quoting People v Banks, 438 Mich 408, 430; 475 NW2d 769 (1991), if the “ ‘ “minds of an average jury” would have found the prosecution’s case “significantly less persuasive” had the statement of the [accomplice] been excluded,’ ” then the error is not harmless. Considering that codefendant’s statement is the only concrete evidence linking defendant to the crime for which he now stands convicted, we find that had the statement been properly excluded, the prosecution’s case would have been significantly less persuasive in “the minds of an average jury.” Accordingly, we find that the trial court abused its discretion by admitting the statement. [251 Mich App 520, 527-529; 650 NW2d 708 (2002).]
For the reasons expressed by the Court of Appeals majority, I would hold the codefendant’s statement inadmissible. Accordingly, I would affirm the decision of the Court of Appeals and allow the case to be remanded for a new trial.