# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

           Plaintiff-Appellee,

v

JACOB M. PEREZ,

           Defendant-Appellant.

UNPUBLISHED
July 30, 2015

No. 321016
Genesee Circuit Court
LC No. 13-032238-FC

Before: WILDER, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of second-degree murder, MCL 750.317. Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to 30 to 50 years in prison. We affirm.

This case arises from the murder of Angela Vance in the home she shared with defendant in Flint. At trial, the prosecution sought, under MCL 768.27b, to introduce evidence of two prior incidents of domestic violence by defendant against Vance. Defense counsel objected and also moved to suppress statements that defendant made to a sheriff's deputy at the scene of the murder. The trial court admitted tapes of 911 calls concerning the previous incidents of domestic abuse, admitted the testimony of the police officers who responded to the previous incidents, and denied defendant's motion to suppress the challenged statements.

## I. OTHER ACTS EVIDENCE

Defendant contends that the trial court abused its discretion and violated defendant's due process right to a fair trial by admitting the other acts evidence because it was irrelevant and because the danger of unfair prejudice it presented substantially outweighed its probative value.[1] We disagree.

---

[1] We review a trial court's decision to admit evidence for an abuse of discretion. See *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). However, "[w]hen the decision regarding the admission of evidence involves a preliminary question of law, such as whether a statute or

-1-

MCL 768.27b(1) provides that "in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under [MRE 403]." The statute defines an "offense involving domestic violence" in part as "[c]ausing or attempting to cause physical or mental harm to a family or household member," "[p]lacing a family or household member in fear of physical or mental harm," or "[e]ngaging in activity toward a family or household member that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested." MCL 768.27b(5)(a)(*i*), (a)(*ii*), (a)(*iv*). A "family or household member" includes an "individual with whom the person resides or has resided" and an "individual with whom the person has or has had a dating relationship." MCL 768.27b(5)(b)(*ii*), (b)(*iv*).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Under MCL 768.27b in particular, a court may admit evidence of a defendant's other acts of domestic violence "to provide the jury with a full and complete picture of a defendant's history, in order to shed light on the likelihood that a given crime was committed." *People v Cameron*, 291 Mich App 599, 610; 806 NW2d 371 (2011) (quotation marks and citation omitted). This Court has specifically held that, unlike other acts evidence introduced under MRE 404(b), MCL 768.27b "permits the evidence to be used to show a defendant's character or propensity to commit the same act." *People v Railer*, 288 Mich App 213, 219-220; 792 NW2d 776 (2010) (quotation marks and citation omitted). In addition to highlighting a defendant's propensity to commit acts of domestic violence, evidence of a defendant's other acts may be relevant to show that his actions were not accidental and to assist the jury determining witness credibility. See *Cameron*, 291 Mich App at 610.

Even if the evidence is relevant and otherwise admissible under MCL 768.27b, however, it is still subject to scrutiny under MRE 403. MRE 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," among other considerations. "Generally, evidence is unfairly prejudicial if there is a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998) (quotation marks and citation omitted). In examining MCL 768.27a, the Supreme Court provided a list of factors that could lead a trial court to conclude that other acts evidence was unfairly prejudicial under MRE 403:

> (1) the dissimilarity between the other acts and the charged crimes, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*People v Watkins*, 491 Mich 450, 487-488; 818 NW2d 296 (2012).]

rule of evidence precludes admissibility of the evidence, the issue is reviewed de novo." *People v Washington*, 468 Mich 667, 670-671; 664 NW2d 203 (2003).

Further, "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect" when examining other acts evidence through the lens of MRE 403. *Id.* at 487. This is particularly true when testimony about the other acts is brief, when the other acts are not as graphic or violent as the offense for which the defendant is on trial, see *Railer*, 288 Mich App at 220, and when the trial court minimizes the potential prejudicial effect with a curative instruction, see *Cameron*, 291 Mich App at 612. While it is a better practice, a trial court is not required to conduct a balancing test under MRE 403 on the record. *People v Gaines*, 306 Mich App 289, 302 n 8; 856 NW2d 222 (2014).

Defendant's other acts fell within the ambit of MCL 768.27b. Defendant lived with Vance and had a dating relationship with her, qualifying her as a family or household member under the statute. The charged crime was an offense involving domestic violence because it caused physical harm to Vance. See MCL 768.27b(1) and (5)(a). In addition to its role as propensity evidence, it was also relevant to demonstrate intent and assist the jury in determining witness credibility.

The evidence was also admissible under MRE 403. The probative value of the evidence was high, particularly given the nature of the defense presented at trial. Defendant testified that he never had any arguments with Vance, that there were no "big incidents" between them that disrupted their relationship, and that he had never hit Vance. Defendant's friend, Angelo Reyes, also testified that he had never seen defendant strike Vance. Thus, the 911 calls and the testimony of the police officers were particularly probative to defendant's claims that there was no history of domestic violence between himself and Vance.

Although the trial court did not discuss the *Watkins* factors on the record, an examination of the factors also militates for the evidence's admission. There was very little dissimilarity between the other acts and the charged crime. In the previous incidents, Vance sustained abrasions, contusions, swelling, and bruising, largely on her face and head, after arguing with defendant in their home. The night that she was killed, Vance sustained an abrasion on her neck and a scalp contusion, again after arguing with defendant in their home. The other acts occurred on November 13, 2011 and January 31, 2012, both within a year of Vance's death. Although defendant was never tried and convicted for the other acts, the 911 calls and the police officers' testimony served to demonstrate the reliability of the evidence. The additional evidence was also helpful to the jury because Vance could not testify.

Neither could the evidence be considered overly sensational or needlessly cumulative. *People v Uribe*, ___ Mich App ___; ___ NW2d ___ (2015), slip op at 12. The testimony of the police officers who responded to the calls was brief, matter-of-fact, and devoid of lurid or sensational details; it merely established that defendant had previously committed acts of domestic violence against Vance. The evidence was not needlessly cumulative because it helped establish a pattern of domestic violence in the relationship.

Further, defendant offers no evidence to rebut the inference that the probative value of the evidence outweighed its prejudicial effect. As noted, testimony from the responding police officers was brief, the 911 calls took only eight minutes to play, and the other acts were certainly less graphic and violent than the account of Vance's death presented to the jury. Additionally, the trial court instructed the jury that "[y]ou must not convict the Defendant here because you

think he is guilty of other bad conduct," effectively minimizing the potential prejudicial effect. Accordingly, the trial court did not abuse its discretion by admitting the other acts evidence under MCL 768.27b and MRE 403.

## II. DEFENDANT'S STATEMENTS TO POLICE

Defendant contends that the trial court erred by admitting his statements to Genesee County Sheriff's Deputy Nicholas Preece because he was subject to custodial interrogation without being given his *Miranda*[2] rights. We disagree.[3]

Both the Michigan and United States constitutions provide that a defendant has a right against compelled self-incrimination. US Const, Am V; *People v White*, 294 Mich App 622, 627; 823 NW2d 118 (2011). In *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), the United States Supreme Court established that "every person subject to interrogation while in police custody must be warned, among other things, that the person may choose to remain silent in response to police questioning." *People v Shafier*, 483 Mich 205, 212; 768 NW2d 305 (2009).

*Miranda* warnings are only required when a defendant is subject to "custodial interrogation," which has been defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *People v Elliott*, 494 Mich 292, 305; 833 NW2d 284 (2013) (quotation marks and citation omitted). "Whether a defendant is in custody for purposes of *Miranda* at the time of an interrogation is determined by looking at the totality of the circumstances, with the key question being whether the accused reasonably could have believed that he or she was free to leave." *People v Jones*, 301 Mich App 566, 580; 837 NW2d 7 (2013). Relevant factors in this analysis "include the location of the questioning, its duration, statements made during the interview, the presence or absence of physical restraints during the questioning, and the release of the interviewee at the end of the questioning." *People v Cortez (On Remand)*, 299 Mich App 679, 694; 832 NW2d 1 (2013). "The determination of custody depends on the objective circumstances of the interrogation rather than the subjective views harbored by either the interrogating officers or the person being questioned." *Coomer*, 245 Mich App at 219-220, quoting *People v Zahn*, 234 Mich App 438, 449; 594 NW2d 120 (1999).

---

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[3] Whether a defendant was in custody for purposes of *Miranda* warnings presents a mixed question of law and fact subject to review de novo. *People v Coomer*, 245 Mich App 206, 219; 627 NW2d 612 (2001). However, we will not reverse a trial court's factual findings at a suppression hearing unless they are clearly erroneous, *People v Nguyen*, 305 Mich App 740, 745; 854 NW2d 223 (2014), and we defer to the trial court's determinations of the weight given to the evidence and witness credibility, *People v Tierney*, 266 Mich App 687, 708; 703 NW2d 204 (2005).

After reviewing the record and considering the totality of the circumstances, we conclude that the trial court did not err in ruling that defendant was not in custody at the time he gave incriminating statements to Preece. Preece testified that he was called to the subject residence on a "medical" call. When he arrived, paramedics informed him that Vance was dead. He was told that defendant was in the area, so he walked outside and located defendant approximately one-half block from the residence. Preece testified that, at this point, he had no reason to believe that a crime had been committed and that he did not consider defendant a suspect. Essentially, he was seeking to determine whether Vance had overdosed on drugs. He asked to speak to defendant. Defendant agreed and voluntarily followed Preece to his squad car. Defendant was not handcuffed or otherwise restrained. Preece stated that, because defendant appeared upset, he asked him to sit the squad car, but left the door open. Preece told defendant that he was not under arrest. Once they began speaking, defendant admitted to Preece that he had argued with Vance, that she had hit him, and that "he had lost it and began to choke her until she went limp." At this point, Preece ceased questioning defendant and shut the squad car door with defendant inside because "[a]t that point he became a suspect."

Under these circumstances, a reasonable person would have believed he was free to leave. Defendant voluntarily followed Preece to the squad car, with the knowledge that he was not under arrest, and voluntarily sat in the car with the door left open. Defendant was in no way physically restrained. These circumstances do not rise to the level of "custody" for *Miranda* purposes. See, e.g., *Jones*, 301 Mich App at 580 (the defendant was not in custody where she was placed in a police cruiser but "not handcuffed and was informed that she was not under arrest"). Accordingly, the trial court did not err in admitting the challenged statements.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause

-5-