# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KIUNDA JOHN BURRESS,

        Defendant-Appellant.

UNPUBLISHED
November 10, 2015

No. 321981
Genesee Circuit Court
LC No. 12-031238-FC

Before: STEPHENS, P.J., and CAVANAGH and MURRAY, JJ.

PER CURIAM.

A jury convicted defendant of first-degree felony murder, MCL 750.316(1)(b), armed robbery, MCL 750.529, felon in possession of a firearm, MCL 750.224f, felonious assault, MCL 750.82, and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced defendant as a third habitual offender, MCL 769.11, to life imprisonment without parole for the first-degree murder conviction, and concurrent prison terms of 240 to 480 months for the armed robbery conviction, 48 to 180 months for the felon-in-possession conviction, and 36 to 96 months for the felonious assault conviction, all to be served consecutive to a two-year term of imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm.

## I. FACTS

On June 11, 2012, defendant appeared at the mobile home of Antoine Funches, looking to purchase marijuana. Funches resided in the mobile home with his son, girlfriend, and girlfriend's mother. Funches knew defendant's brother, but had not socialized with defendant before. Funches invited defendant inside. Another person, Joshua Stepp, was with Funches. The three of them smoked marijuana. After Funches returned from the bathroom, defendant confronted him with a gun. Funches knew he was being robbed and gave defendant his marijuana and cash. Defendant then pointed the gun at Stepp and Funches heard a gunshot. Defendant then left. Stepp died from a single gunshot wound to his chest. Defendant gave a statement to the police and admitted being in Funches's trailer, but claimed that he was in the bathroom when the gunshot was fired, after which he left the trailer and ran off.

At trial, defendant elected to testify after the trial court ruled that the prosecutor could use defendant's prior convictions for bank robbery and receiving or concealing stolen property to

impeach defendant's credibility. Defendant again admitted being inside Funches's trailer, and claimed that he was in the bathroom when the gunshot was fired.

## II. ANALYSIS

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that his trial counsel was ineffective for not moving to preclude the prosecutor from using defendant's prior bank robbery conviction as impeachment evidence under MRE 609.

To establish ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced defendant that he was denied a fair trial. *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). Defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991). To establish prejudice, defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v Johnson*, 451 Mich 115, 124; 545 NW2d 637 (1996).

Before defendant testified, the parties discussed, in defendant's presence, whether defendant's prior convictions in 2000 for bank robbery and receiving or concealing stolen property could be admitted under MRE 609 to impeach defendant's credibility. Defense counsel expressed his intent to elicit the prior convictions in his direct examination of defendant. However, the trial court proceeded to analyze the admissibility of the evidence in accordance with MRE 609 and expressed its view that the prior convictions were admissible because "the probative value of the evidence does outweigh [its] prejudicial effect." Thereafter, during defendant's direct examination testimony, defendant admitted that he was previously convicted in 2000 of both bank robbery and receiving or concealing stolen property.

In *Ohler v United States*, 529 US 753, 760; 120 S Ct 1851; 146 L Ed 2d 826 (2000), the United States Supreme Court held that "a defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error." The issue in this case, however, is whether defense counsel was ineffective for not moving to preclude the use of his bank robbery conviction as impeachment evidence under MRE 609.

MRE 609 provides, in relevant part:

> (a) **General Rule**. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall not be admitted unless the evidence has been elicited from the witness or established by public record during cross-examination, and
>
> > (1) the crime contained an element of dishonesty or false statement, or
> >
> > (2) the crime contained an element of theft, and

-2-

(A) the crime was punishable by imprisonment in excess of one year or death under the law under which the witness was convicted, and

(B) the court determines that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs its prejudicial effect.

(b) **Determining Probative Value and Prejudicial Effect**. For purposes of the probative value determination required by subrule (a)(2)(B), the court shall consider only the age of the conviction and the degree to which a conviction of the crime is indicative of veracity. If a determination of prejudicial effect is required, the court shall consider only the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify. The court must articulate, on the record, the analysis of each factor.

(c) **Time Limit**. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date.

Although defense counsel did not expressly oppose the admission of the prior convictions for impeachment, the record discloses that the trial court expressly addressed the admissibility of the evidence under MRE 609. First, the court observed that both convictions qualified for admission under MRE 609(a)(2)(A) because they were for crimes that contained an element of theft, and both were punishable by imprisonment for more than one year. Second the court weighed the probative value of the evidence against its prejudicial effect and concluded "that the probative value of the evidence does outweigh his [sic] prejudicial effect." Thus, even though defense counsel did not expressly move to exclude the convictions, the record contains the trial court's analysis of the evidence, and its conclusion that the evidence was admissible. Thus, defendant cannot establish either that his counsel was ineffective or that he suffered prejudice by counsel's failure to oppose the admissibility of the bank robbery conviction. See *People v Riley*, 468 Mich 135, 142; 659 NW2d f611 (2003) (trial counsel is not ineffective for failing to make a meritless motion).

Defendant also appears to argue that defense counsel was ineffective for eliciting the prior convictions on direct examination, including details of the prior offenses. It is clear from the record, however, that this was a matter of trial strategy. Counsel sought to preemptively question defendant on direct examination to lessen the "sting" of this evidence. Further, counsel's questioning regarding the factual details of the prior offense was intended to show that defendant played only a secondary role in the prior offense and did not possess a gun. Defendant also explained that he was young and in need of money at the time, because he recently had a

child. Defense counsel's decision to elicit this testimony on direct examination was not objectively unreasonable.[1]

## II. IMPEACHMENT EVIDENCE

Next, defendant argues that the trial court erred in allowing the prosecutor to admit certified copies of records associated with defendant's prior convictions. The records showed that defendant pleaded guilty to bank robbery and receiving or concealing stolen property in 2000 pursuant to a plea agreement that involved the dismissal of other charges. The trial court admitted this evidence for the limited purpose of rebutting defendant's testimony, on direct examination by defense counsel, that he pleaded guilty in the prior matter only because he "knew [he] was guilty." Both the admission of evidence and the scope of cross-examination are within the discretion of the trial court. *People v Washington*, 468 Mich 667, 670-671; 664 NW2d 203 (2003); *People v Hackett*, 421 Mich 338, 347; 365 NW2d 120 (1984).

In support of his argument, defendant relies on a line of cases that hold that the inquiry concerning facts related to a prior conviction, or inquiry regarding prior charges that do not result in conviction, is generally not permitted. In *People v Falkner*, 389 Mich 682, 695; 209 NW2d 193 (1973), our Supreme Court stated:

> We hold that in the examination or cross-examination of any witness, no inquiry may be made regarding prior arrests or charges against such witness which did not result in conviction; neither may such witness be examined with reference to higher original charges which have not resulted in conviction, whether by plea or trial.

However, in *People v Layher*, 464 Mich 756, 757-758, 767-769; 631 NW2d 281 (2001), the Supreme Court characterized its holding in *Falkner* as overly broad, and held that a trial court may properly allow questioning about prior arrests or charges to establish witness bias where the admission of such evidence is consistent with the safeguards found in the Michigan Rules of Evidence.

Although the rule from *Falkner* may have prohibited the prosecutor from initially inquiring about the collateral facts surrounding defendant's prior plea-based conviction, defense counsel opened the door to such evidence by questioning defendant regarding his reasons for pleading guilty in the prior case. Defendant's testimony indicated that he pleaded guilty in that case only because he knew he was guilty, leaving the jury with the impression that he was willing to accept responsibility for his conduct whenever he was guilty. The challenged evidence was not intended to allow the jury to hear about the facts of the prior case, but only to test the credibility of defendant's explanation for pleading guilty by showing that he had other motivations for entering a guilty plea. Having offered an explanation for his decision to plead

---

[1] Defendant alternatively requests this Court to remand this matter for an evidentiary hearing on this claim of ineffective assistance of counsel. However, we conclude that the record is sufficient to evaluate this argument.

guilty, defendant "opened the door to a full and not just selective development of that subject." *People v Allen*, 201 Mich App 98, 103; 505 NW2d 869 (1993) (citation omitted).

The trial court allowed the challenged evidence for the limited purpose of rebutting defendant's direct examination testimony regarding the reason for his guilty plea, and the court instructed the jury on the limited purpose of this evidence. Under the circumstances, the trial court's decision is within the range of principled outcomes. Accordingly, the trial court did not abuse its discretion by admitting the challenged evidence.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Christopher M. Murray