# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MATTHEW JOSEPH BUSSING,

        Defendant-Appellant.

UNPUBLISHED
December 20, 2016

No. 328801
Muskegon Circuit Court
LC No. 15-065877-FC

Before: WILDER, P.J., and MURPHY and O'BRIEN, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of first-degree child abuse, MCL 750.136b(2). He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 20 to 30 years' imprisonment. Defendant appeals as of right, and we affirm.

Defendant resided with the mother of the one-year-old victim in this case; he is not the child's father. There is no dispute that defendant was the only person with the victim when she incurred the injuries that formed the basis of the child-abuse prosecution. Defendant claimed that the victim, while in his care, fell from a chair, that he lunged to catch her but was unsuccessful, and that he then tumbled and landed on top of the child, with the child hitting a cupboard and wood floor in the process. The prosecution's theory was that the victim's injuries were the result of physical abuse by defendant. There was evidence that defendant acted in an erratic and belligerent manner after the victim sustained her injuries, engaging in delaying tactics and evasive conduct that precluded the child's mother and a babysitter from seeing the victim for a period of time. Defendant did not take the victim for medical care, claiming that she was okay in his view. When the victim's mother was finally handed the child, after the babysitter's husband had first coaxed defendant into turning over the victim,[1] the mother noticed that the child had an atypical distant stare and had red marks and bruises on her right arm, lips, tongue, neck, cheeks, ears, and the top of her head. An ambulance was immediately called, and the child was taken to the emergency room at Hackley Hospital, where doctors recommended that the

---

[1] Defendant subsequently punched the babysitter's husband in the face after a verbal altercation and then sped off in his pickup truck.

victim be transferred to Helen DeVos Children's Hospital because the child had bleeding around her brain.

The doctor who treated the victim in the emergency room at Hackley testified that the child had bruises on her tongue, both cheeks, both ears, the anterior portion of the neck, the lateral neck, and her right arm. According to the doctor, a CAT scan revealed a subdural hematoma, with evidence of old and fresh bleeding around the brain. During the prosecution's case-in-chief, it presented testimony by Dr. N. Debra Simms, a physician who was board certified in general and child abuse pediatrics and was one of only nine board-certified child abuse experts in Michigan. One-hundred percent of her practice was devoted to the evaluation of possible child maltreatment, and she was consulted in this case, examining and evaluating the child for 4-1/2 hours. Dr. Simms was recognized, without objection, as an expert in pediatrics and child abuse. She described the following injuries to the victim: numerous bruises, including multiple linear bruises on various planes, about the neck, face, and head; bruises to the tongue, ears, and right shoulder and arm; and subdural hematoma, with extensive bleeding in different areas of the brain. When asked whether defendant's account of events was consistent with the child's injuries, Dr. Simms answered in the negative, explaining that the child "had too many injuries in too many planes of the body." Dr. Simms elaborated:

> [W]hen we're talking about injuries and if we talked about a child falling and hitting then you would expect a single plane of injury. Then if you talked about somebody falling and landing on top of them or whatever then you're still talking a maximum of two planes of injury. And in [the victim's] case, as you saw, she had so many planes of injury that a unipolar, one, or bipolar impact would not explain the full totality of her injuries.

Dr. Simms opined that the cause of the victim's injuries was pediatric child abuse. At this stage of the trial, defendant had not testified, and his account of what had transpired was in abbreviated form, coming from a text message that he had sent the child's mother and statements to police. Defendant then took the stand and explained in greater detail his version of events. The prosecution proceeded to call Dr. Simms back to the stand as a rebuttal witness in order to address some of the specifics provided by defendant. Dr. Simms testified very briefly on rebuttal, indicating that defendant's description of events still did not account for all of the victim's injuries. According to Dr. Simms, the pattern, location, extent, and nature of the injuries continued to point to child abuse and were inconsistent with defendant's assertion and testimony of a "fall." As part of her rebuttal testimony, Dr. Simms did maintain that she questioned the "physics" of defendant's account, finding it difficult to understand how the child may have hit a cupboard if defendant was over the top of the child as they fell to the floor. Defense counsel objected that Dr. Simms was not qualified to explain the physics of a fall, and the trial court overruled the objection.

On appeal, defendant argues that the trial court abused its discretion by permitting Dr. Simms to testify *on rebuttal* with respect to biomechanical engineering issues, where the testimony did not satisfy the foundational requirements of MRE 702, and where it had a tendency to confuse and mislead the jury and was unfairly prejudicial, MRE 403. We review for an abuse of discretion a trial court's decision to admit evidence, including expert witness testimony. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999); *People v Matuszak*, 263

Mich App 42, 47; 687 NW2d 342 (2004). An abuse of discretion occurs when a court selects an outcome that falls outside the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). "When the decision regarding the admission of evidence involves a preliminary question of law, such as whether a statute or rule of evidence precludes admissibility of the evidence, the issue is reviewed de novo." *People v Washington*, 468 Mich 667, 670-671; 664 NW2d 203 (2003).

The admissibility of expert testimony is governed by MRE 702, which provides:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Expert testimony is limited to opinions that fall within the scope of the witness's knowledge, skill, experience, training, or education, and an expert is not permitted to opine on matters outside of his or her area of expertise. *People v Unger*, 278 Mich App 210, 251; 749 NW2d 272 (2008). MRE 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

To the extent that defendant is assailing Dr. Simms's rebuttal testimony because of the references to linear bruises and planes of injury, Dr. Simms had already testified extensively in regard to those matters in the prosecution's case-in-chief, which testimony was not challenged below and is not being challenged on appeal. Defendant has never contended that Dr. Simms was unqualified relative to her testimony and opinions elicited when she originally took the stand. Moreover, the testimony concerning linear bruises and planes of injury simply pertained to patterns, features, types, and locations of injury and possible related causes, and the testimony was certainly within the knowledge, experience, and training of a physician board-certified in child abuse, which field focuses on identifying injuries to children and their sources. Dr. Simms indicated on rebuttal that the child's injuries were not consistent with defendant's trial testimony concerning the nature of the alleged fall. We find no abuse of discretion in allowing this testimony.

Defendant primarily complains about the rebuttal testimony touching on physics, which formed the basis of an objection at trial. The record reflects that Dr. Simms merely called into question defendant's testimony that the child struck a cupboard during the purported fall as described by defendant. Dr. Simms did not understand how the child would have hit or been exposed to the cupboard during the fall, where defendant explained that his body was on top of and essentially covered the child as they fell to the floor. We cannot agree with defendant that this testimony concerned biomechanical engineering, such that expertise in that field was

necessary. Rather, Dr. Simms's testimony was more in the nature of a simple observation that any lay person could have reasonably and competently made. Additionally, Dr. Simms testified that child abuse experts "do a lot of looking at falls and fall mechanisms," and we see no reason to conclude that Dr. Simms was unqualified to question defendant's testimony about the child supposedly hitting the cupboard. And, under these circumstances, Dr. Simms's rebuttal testimony was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, MRE 403. There was no abuse of discretion when the trial court overruled defense counsel's objection and allowed the rebuttal testimony.

Furthermore, Dr. Simms indicated that defendant's testimony, which included the claim about the cupboard, still did not explain all of the child's injuries. And Dr. Simms's earlier unchallenged testimony revealed a strong case of child abuse. Taking these points into consideration in conjunction with defendant's unusual behavior after the child sustained her injuries and the disturbing photographs of the injuries, we conclude that any presumed error in regard to Dr. Simms's brief rebuttal testimony was entirely harmless. MCL 769.26; *Lukity*, 460 Mich at 495. We are quite confident that absent Dr. Simms's testimony on rebuttal that defendant would nonetheless have been convicted. Reversal is unwarranted.

Affirmed.


/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Colleen A. O'Brien