*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

AQUIL ALKUFI,

       Defendant-Appellant.

UNPUBLISHED
March 13, 2026
9:13 AM

No. 373557
Wayne Circuit Court
LC No. 24-003521-01-FH

Before: RIORDAN, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

Alkufi appeals as of right his jury trial conviction for assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84. On appeal, Alkufi argues the following: 1) his right to an impartial and fair jury trial was violated because of a time limit on voir dire, 2) his due process rights were violated because there was insufficient evidence that he intended to commit AWIGBH, and 3) the great weight of the evidence is against his AWIGBH conviction. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises out of a family dispute. In October 2022, Alkufi went to his aunt's house. His cousin, Mohammed, opened the door. Mohammed alleged Alkufi immediately assaulted him. He claimed Alkufi punched him, kicked him, smashed his head against a side table, and hit him with a hammerhead and a metal mop handle. Alkufi claimed that Mohammed punched him first, and Alkufi punched him twice in response.

Mohammed's brother called 911 following the fight. Mohammed went to the hospital and received stitches for cuts above his eyebrow and on his lip. No physical evidence was collected from the scene of the fight. Mohammed provided photographs and security camera footage of his mother's house and his injuries to the police. Alkufi did not receive medical care or speak with the police.

At trial, the parties were limited to 15 minutes of questioning during voir dire. No subject matter limitations were set. Alkufi was found guilty of AWIGBH and not guilty on two counts of assault with a deadly weapon, MCL 750.82. This appeal followed.

-1-

## II. DISCUSSION

## A. FAIR AND IMPARTIAL TRIAL

Alkufi argues that his right to a fair trial was violated by the time limit on voir dire set by the trial court. We disagree.

### 1. PRESERVATION

To preserve a challenge to the voir dire process, trial counsel must have exhausted their peremptory challenges. *People v Taylor*, 195 Mich 57, 59-60; 489 NW2d 99 (1992). Additionally, if trial counsel then expresses satisfaction with the empaneled jury, any claim of error is waived. See *id*.; *People v Rose*, 268 Mich 529, 531; 265 NW 536 (1934). Waiver prevents a defendant from raising an issue on appeal. *People v Carter*, 462 Mich 206, 209; 612 NW2d 144 (2000).

Alkufi did not exhaust his peremptory challenges because he only utilized four out of his allowed five peremptory challenges. *Taylor*, 195 Mich at 59-60; MCL 768.12; MCL 750.84(1)(a). The trial court said, "Congratulations we have a jury." Trial counsel replied, "Thank you." This was a failure to object, rather than an express approval of the jury. See *Carter*, 462 Mich at 216. Alkufi's failure to make a timely objection to voir dire means this issue is unpreserved. *Id*. at 215-216.

### 2. STANDARD OF REVIEW

An unpreserved claim of error is reviewed for plain error. *People v Davis*, 509 Mich 52, 67; 983 NW2d 325 (2022). The defendant must show that (1) an error occurred, (2) the error was clear or obvious, and (3) the error affected the defendant's substantial rights. *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (citation and quotation marks omitted).

### 3. DISCUSSION

A defendant in a jury trial has the right to a fair and impartial jury. *People v Tyburski*, 445 Mich 606, 618; 518 NW2d 441 (1994). "The function of voir dire is to elicit sufficient information from prospective jurors to enable the trial court and counsel to determine who should be disqualified from service on the basis of an inability to render decisions impartially." *People v Sawyer*, 215 Mich App 183, 186; 545 NW2d 6 (1996). Voir dire should be conducted "for the purposes of discovering grounds for challenges for cause and of gaining knowledge to facilitate an intelligent exercise of peremptory challenges." MCR 6.412(C)(1); *Tyburski*, 445 Mich at 623. The trial court has considerable discretion in determining the scope and process of voir dire. *People v Washington*, 468 Mich 667, 674; 664 NW2d 203 (2003).

Here, the trial court did not commit plain error in limiting voir dire to 15 minutes per attorney. *Davis*, 509 Mich at 67. Setting a time limit is within the discretion of the trial court and does not prevent an attorney from developing a factual basis for peremptory challenges. *Washington*, 468 Mich at 674. Trial counsel was not prevented from obtaining sufficient

information from the prospective jurors. He was able to question potential jurors on their comfort level with discussions of violence, how to determine credibility, their opinions on self-defense and family disputes, and if they felt Alkufi needed to testify. The 15-minute time limit did not restrict the subject matter of voir dire. Trial counsel was informed of the time limit before voir dire began and was able to ask questions in order to appropriately exercise his peremptory challenges. *Sawyer*, 215 Mich App at 186. Further, counsel did not exhaust all of his peremptory challenges.

Jurors are presumed to be impartial until shown otherwise. *People v Miller*, 482 Mich 540, 550; 759 NW2d 850 (2008). The defendant bears the burden of establishing that a juror was not impartial or that their impartiality was in reasonable doubt. *Id*.

Although Alkufi argues on appeal that trial counsel was prevented from discovering potential biases against people of Middle Eastern descent, this claim is unsupported by the record. Trial counsel was not restricted from asking questions about potential biases. The prosecution explicitly asked potential jurors about their biases, and the trial court emphasized the importance of not relying on biases or prejudices when hearing the case. There is no evidence that any of the jurors harbored a prejudice against people of Middle Eastern descent that made impartiality impossible. *Id*.

The 15-minute time limit did not restrict trial counsel's ability to exercise his peremptory challenges. Alkufi has not identified any evidence of prejudice that would affect the impartiality of the jurors. Thus, the trial court did not plainly err in limiting voir dire. *Davis*, 509 Mich at 67.

## B. SUFFICIENCY OF THE EVIDENCE

Alkufi argues that there was insufficient evidence to convict him of AWIGBH. We disagree.

### 1. STANDARD OF REVIEW

"Challenges to the sufficiency of the evidence are reviewed de novo." *People v Xun Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020).

### 2. DISCUSSION

Due process requires that the prosecution prove every element of a charge beyond a reasonable doubt. *People v Oros*, 502 Mich 229, 240 n 3; 917 NW2d 559 (2018). "When reviewing a defendant's challenge to the sufficiency of the evidence, we review the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *Williams*, 294 Mich App at 471. Circumstantial evidence and reasonable inferences from evidence can be sufficient to demonstrate the elements of a crime. *Id*. The trier of fact, not the appellate court, should determine what inferences can be made and what weight to give those inferences. *Oros*, 502 Mich at 239.

Any credibility determinations must be resolved in line with the jury verdict. *People v Blevins*, 314 Mich App 339, 357; 886 NW2d 456 (2016). Any conflicts in the evidence must be resolved in favor of the prosecution. *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018). "The prosecution need not negate every reasonable theory of innocence; instead, it need

only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant." *Id*.

AWIGBH requires proof of "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005). The intent to do great bodily harm less than murder is "an intent to do serious injury of an aggravated nature." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014) (citation and quotation marks omitted). Circumstantial evidence can prove the defendant's intent. *Id*. at 629. Factors that may be relevant to determining intent are the defendant's actions, such as use of a weapon or making threats, and the injuries to the victim, though injury is not a required element. *Id*.

Alkufi argues that there was insufficient evidence that he intended to do great bodily harm less than murder to Mohammed. Considering the evidence in the light most favorable to the prosecution and resolving any conflicts in favor of the prosecution, there was sufficient evidence for a rational juror to find Alkufi guilty of AWIGBH beyond a reasonable doubt. *Mikulen*, 324 Mich App at 20; *Williams*, 294 Mich App at 471. Both parties agree that Alkufi assaulted Mohammed. *Brown*, 267 Mich App at 147. Alkufi testified that he punched Mohammed twice, and Mohammed testified that Alkufi hit him multiple times with his fists, feet, a hammerhead, and a mop.

However, the jury did not find Alkufi guilty of assault with a deadly weapon. This indicates that the jury did not find the testimony that Alkufi used a weapon to injure Mohammed credible. *Blevins*, 314 Mich App at 357. Therefore, we do not consider Alkufi's potential use of weapons in determining his intent to harm Mohammed. *Stevens*, 306 Mich App at 629.

The evidence is sufficient to show that Alkufi intended to cause serious injury to Mohammed. Mohammed was seriously injured: there were cuts on his face that needed stitches, he was concussed by the fight, and he was still struggling psychologically two years after the fight. *Id*. Mohammed's older brother testified that Alkufi stated that he "knocked out [Mohammed] and hit him a couple times." This indicates that Alkufi was aware he used a considerable amount of force. The photographs and video of the home showed multiple blood splatters. Mohammed and Alkufi had an ongoing feud that had led to violence at least once before and were not speaking at the time of the assault. This suggests the potential for heightened emotions and a desire to cause harm. Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence that Alkufi intended to cause serious injury of an aggravated nature to Mohammed. *Williams*, 294 Mich App at 471; *Brown*, 267 Mich App at 147.

A person who is not the aggressor in a situation is justified in using a reasonable amount of force in self-defense if they reasonably believe that there is a danger of serious bodily harm or death to themselves or another from an aggressor and the use of force is necessary to prevent this harm. *People v Dupree*, 486 Mich 693, 707; 788 NW2d 399 (2010); MCL 780.972(2). If a defendant raises the issue of self-defense, they must first produce some supporting evidence. *People v Reese*, 491 Mich 127, 155; 815 NW2d 85 (2012). The prosecution then must prove beyond a reasonable doubt that the defendant did not act in self-defense. *Id*. In general, if a defendant uses excessive force or is the aggressor, they have not acted in reasonable self-defense. *People v Guajardo*, 300 Mich App 26, 35; 832 NW2d 409 (2013).

Here, Alkufi argues that the prosecution did not disprove that he acted in self-defense. Alkufi testified that Mohammed attacked him first, which could justify acting in self-defense. *Id*. However, Mohammed testified that Alkufi hit him first and he did not retaliate. Mohammed's mother and younger brother testified to seeing Alkufi punch Mohammed, who did not retaliate. Because the jury found Alkufi guilty of AWIGBH, it can be inferred that it found the testimony of Mohammed, his mother, and his younger brother more credible than the testimony of Alkufi. Determining the credibility of witnesses is an issue for the jury, and we will not interfere with its determination. *Blevins*, 314 Mich App at 357. Because the jury believed that Alkufi was the aggressor, he was not acting in self-defense. *Guajardo*, 300 Mich App at 35.

Considering the testimony in the light most favorable to the prosecution and resolving evidentiary conflicts in the prosecution's favor, there was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Alkufi intended to seriously injure Mohammed and did not act in self-defense. *Id*.; *Williams*, 294 Mich App at 471. Therefore, there was sufficient evidence to support Alkufi's AWIGBH conviction.

## C. GREAT WEIGHT OF THE EVIDENCE

Alkufi argues that he is entitled to a new trial because his conviction for AWIGBH was against the great weight of evidence. We disagree.

### 1. STANDARD OF REVIEW

"We review for an abuse of discretion a trial court's grant or denial of a new trial on the ground that the verdict was against the great weight of the evidence." *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). A trial court has abused its discretion when it chooses an outcome that does not fall within the range of reasonable and principled outcomes or makes an error of law. *People v Butka*, 514 Mich 366, 376; 22 NW3d 429 (2024).

### 2. DISCUSSION

This Court must determine a great-weight challenge "by deciding whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Cameron*, 291 Mich App 599, 616-617; 806 NW2d 371 (2011) (citation and quotation marks omitted). A verdict is against the great weight of evidence only when it is not reasonably supported by evidence and "it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW3d 311 (2009). Conflicting testimony or issues with witness credibility are generally not grounds for a new trial. *People v Anderson*, 322 Mich App 622, 632; 912 NW2d 607 (2018). The resolution of any issues with witness credibility is the responsibility of the jury. *Lacalamita*, 286 Mich App at 470.

Alkufi argues that his conviction was against the great weight of the evidence because he acted in self-defense. The evidence in this case did not so strongly support Alkufi's claim of self-defense that allowing the verdict to stand would be a miscarriage of justice. *Cameron*, 291 Mich App at 616-617. Though Alkufi argues that he was entitled to the presumption that his belief of impending injury or death was reasonable, he cites no caselaw in support. Alkufi never testified that he feared serious bodily injury or death. At most, he testified that Mohammed punched him

once, which would not cause a reasonable person to fear serious injury or death. *Reese*, 491 Mich at 155. Caselaw states that a jury must find that a belief of serious injury or death was reasonable to justify self-defense, not that there is a presumption in favor of this belief. *Dupree*, 486 Mich at 707-708.

There was evidence presented that Alkufi's alleged belief that there was a risk of impending great bodily harm or death was not reasonable. Alkufi and Mohammed were similar weights and Alkufi was taller. There was no evidence Mohammed was armed. Alkufi told Mohammed that he was not leaving unless Mohammed's mother asked him to after allegedly being sworn at and told to leave by Mohammed. This suggests that Alkufi was not afraid of Mohammed and did not feel that his safety was at risk by remaining in the home. There was no clear reason why Alkufi would think there was a risk of impending serious injury or death that would justify acting in self-defense.

There was conflicting testimony about whether Alkufi or Mohammed was the first to attack. This alone is not grounds for a new trial. *Anderson*, 322 Mich App at 632. Because the jury found Alkufi guilty, it presumably resolved any issues of credibility regarding the first to attack and whether Alkufi acted in self-defense in favor of Mohammed. *Lacalamita*, 286 Mich App at 470.

The evidence does not preponderate heavily against the verdict. The opposite is true because there was sufficient evidence that Alkufi had the necessary intent to cause serious injury to Mohammed. The amount of evidence needed to show intent can be met with circumstantial evidence. *Stevens*, 306 Mich App at 628-629. Mohammed testified that he was hit multiple times by Alkufi. Mohammed's mother and younger brother testified that they saw Alkufi hit and kick Mohammed. There were multiple photographs and one video showing Mohammed's injuries and blood in the home following the fight. The evidence presented was sufficient for a reasonable jury to find that Alkufi intended to seriously injure Mohammed. *Id*. Because Alkufi's conviction for AWIGBH was reasonably supported by evidence, the verdict was not against the great weight of the evidence. *Anderson*, 322 Mich App at 632.

## III. CONCLUSION

The trial court did not err in setting a 15-minute time limit on voir dire. There was sufficient evidence that Alkufi intended to cause serious injury of an aggravated nature to Mohammed. The trial court did not abuse its discretion in denying Alkufi's motion for a new trial because his conviction for AWIGBH was not against the great weight of the evidence.

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young

-6-